# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-1476
_____

WILLIAM WALTER MURPHY, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Alachua County.
James M. Colaw, Judge.

July 8, 2026

PER CURIAM.

William Walter Murphy, III, appeals his conviction and life sentence for first degree murder. Appellant first argues that the trial court erred in denying his motion for judgment of acquittal on that count. But taken in the light most favorable to the State, evidence at trial showed that Appellant and the victim exited Appellant's apartment, a loud "pop" was heard, and Appellant immediately reentered the apartment without the victim. The victim was discovered on the ground immediately outside Appellant's apartment with a single, ultimately fatal, gunshot wound. Appellant fled the scene and tossed away a handgun immediately before he was detained by law enforcement. This evidence was sufficient to allow the count of first degree murder to be submitted to the jury. *See Yinger v. State*, 409 So. 3d 201, 204

(Fla. 1st DCA 2025) (citing *Bush v. State*, 295 So. 3d 179, 184, 199–201 (Fla. 2020)) ("Importantly, the State no longer needs to exclude every reasonable hypothesis of innocence. Instead, competent, substantial evidence is sufficient, even if circumstantial.").

Appellant's second argument on appeal is that certain testimony by an investigating officer on redirect examination was improper expert testimony and hearsay. At trial, Appellant's counsel objected to the testimony only as speculative and invading the province of the jury. This objection did not preserve the issues now raised on appeal. *See Pasha v. State*, 225 So. 3d 688, 708 (Fla. 2017) (requiring a contemporaneous, specific objection to preserve a challenge to hearsay evidence on appeal). Even if preserved, the argument would be without merit since the testimony was in response to other hearsay elicited from the same officer by Appellant's counsel on cross examination. *See Nock v. State*, 256 So. 3d 828, 835 (Fla. 2018) (discussing common law rule of completeness for conversations); *Whitfield v. State*, 933 So. 2d 1245, 1248–49 (Fla. 1st DCA 2006) (fairness supported admission of hearsay under rule of completeness).

AFFIRMED.

OSTERHAUS, C.J., and LEWIS and BILBREY, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

Jessica J. Yeary, Public Defender, and Justin Karpf, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Ryan Roy, Assistant Attorney General, Tallahassee, for Appellee.